**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JAMES WILLIAMS and GEORGE MENA,

                    Plaintiffs,

          -against-

**MEMORANDUM
& ORDER**

CV 15-3147 (ADS) (AKT)

FIRE SPRINKLER ASSOCIATES INC.,
MARK MAUSSER, and WILLIAM LOTTEN,

                    Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.　PRELIMINARY STATEMENT**

Plaintiffs James Williams ("Williams") and George Mena ("Mena") (collectively, the "Plaintiffs") have brought the instant action against Fire Sprinkler Associates, Inc. ("Fire Sprinkler") Mark Mausser ("Mausser") and William Lotten ("Lotten") (collectively, the "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). In addition, Plaintiff George Mena brings additional claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) as well as Article 19 § 650 *et seq.* of the New York Labor Law ("NYLL"). *See generally* Complaint ("Compl.") [DE 1].

Presently before the Court is Plaintiffs' letter motion [DE 56] seeking to compel Defendants to provide supplemental discovery responses concerning specific categories of

documentary information. *See* DE 56. For the reasons that follow, Plaintiffs' motion to compel is GRANTED, in part, and DENIED, in part, in accordance with this Memorandum and Order.

**II.     STANDARD OF REVIEW**

   *A.  Rule 26*

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is the reality that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does

not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly.").

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover*, No. 05 Civ. 1924, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009)); *Evans v. Calise*, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)); *Denim Habit, LLC*, 2016 WL 2992124, at *3. In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008)); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes."); *Coggins v. Cnty. of Nassau*, No. 07 Civ. 3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014) (A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential.") (internal quotation omitted); *see also Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("[m]otions to compel are left to the court's sound discretion."); *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

### III. DISCUSSION

#### A. Procedural Issues

Before addressing the substance of the arguments as to the individual document requests, the Court finds it necessary to bring certain other items to the attention of counsel.

*First*, Plaintiff's motion fails to comply with Local Civil Rule 37.1 and is capable of being rejected on that basis alone. Local Civil Rule 37.1 states that

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1. *See also* Local Rule 5.1. Therefore, to comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing counsel, followed directly by opposing counsel's verbatim response to the particular request, followed immediately by the particularized objection(s) counsel is raising and the basis for the objections (*i.e.*, why the response is overly broad, deficient, non-responsive, etc.). Counsel is expected to refer to relevant case law to support his/her position/objection as to the respective discovery demand. Compliance with Rule 37.1 is critical in ensuring that the Court does not waste judicial resources by having to constantly flip-flop between documents in order to locate the specific interrogatory or discovery request at issue, the opposing party's answer, the nature of each party's arguments and the relevant case law cited in support of each party's position.

*Second*, Plaintiffs' motion fails to include a certification of compliance with Local Civil Rule 37.3, setting forth all attempts to meet and confer prior to filing the instant motion. Counsel were specifically instructed at the Initial Conference that the Court requires the parties to have a substantive **discussion** about any discovery disputes. This directive was memorialized in the Court's Minute Order from the Initial Conference. *See* DE 25, ¶ 7. As such, the failure to comply with Rule 37.3 is sufficient in and of itself to reject the motion.

*Third*, Plaintiffs did not include a copy of the demands at issue (which otherwise would not have been necessary in the first instance had counsel complied with Rule 37.1). Therefore, counsel essentially leaves a vacuum as to the context of the discovery demands, putting the Court at a disadvantage.

*Fourth*, Plaintiffs provide virtually no case law supporting their individual demands while Defendants have chosen not to cite any authority at all for the positions they take.

*Fifth*, Plaintiffs' motion was untimely when filed. The Court instructed both parties at the March 15, 2016 Status Conference that to the extent "either side intends to bring any unresolved issues concerning the parties' discovery responses to the Court for intervention, counsel must do so by April 15, 2016. *Any issues not raised by that date will be deemed waived*. DE 54 ¶ 1 (emphasis added). Notwithstanding this unambiguous directive, Plaintiffs filed the instant motion on June 13, 2016 — over two months after the April 15, 2016 deadline, without requesting any extension from the Court as required and without establishing "good cause" for their failure to file the motion by the deadline. To the extent Plaintiffs relied on purported assurances from Defendants that any outstanding discovery would be forthcoming, DE 56 at 1, that position is untenable. Thus, the untimeliness of the motion provides yet another independent basis for its rejection.

*Sixth*, the only reason the Court chooses to address the substance of this motion is the passage of time since the motion was filed and the procedural posture of this case. Counsel are hereby on notice that the Court will not accept future motions which fail to comply with the Federal Rules, the Local Civil Rules and this Court's Individual Rules. The Court further advises that disputes arising from discovery responses may no longer be brought to the Court since the deadline to do so has long expired.

### B. *Plaintiffs' Discovery Requests*

#### 1. Personnel Files

Plaintiff initially seeks the personnel files for Defendants Lotten and Mausser as well as for "defense witnesses, Thomas Monaghan, Michael DeLeonardis, Shawn Klindworth, Brian Cervantes, John Sweeney, and Tyler Williams, and for any additional workers of defendants who were in the workplace at any time when the 'hanging dummy' was present." DE 56 at 2. The Court points out that Plaintiff has not established, in accordance with the requirements of Rule 26, what information included in any of these individuals' personnel files is relevant and proportional to their claims of discrimination. In addition, Plaintiff has provided the Court with no case law or other authority in support of this request. *See Barbara*, 2013 WL 1952308, at *2 ("The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition.") (citing *Wells Fargo Bank, N.A.*, 2009 WL 585430, at *5).

In response Defendants assert that the personnel files sought here are "irrelevant to the instant action." DE 58 at 2. Specifically, Defendants maintain that "testimony has already been elicited by at least two witnesses produced by the Defendants confirming that no disciplinary records are kept in any personnel files. Rather they hold sensitive information on an employee's payroll, health and disability insurance and their respective driving records." *Id.*

Generally, "an employer has an 'interest in maintaining the confidentiality of employee personnel files.'" *Sperling v. Harman Int'l Indus., Inc.*, No. CV 10-2415, 2011 WL 4344165, at *2 (E.D.N.Y. Sept. 14, 2011) (quoting *Duck v. Port Jefferson Sch. Dist.*, No. 07 CV 2224, 2008 WL 2079916, at *4 (E.D.N.Y. 2008)); *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y. 2013). However, "there is no rigid rule prohibiting discovery of employee personnel

files." *Sperling*, 2011 WL 4344165, at *2; *Barella*, 296 F.R.D. at 106. Thus, where maintaining privacy remains a primary hurdle to disclosure, "in most cases, a protective order can "appropriately remedy privacy concerns arising from discovery of personnel records." *Barella*, 296 F.R.D. at 106; *Sperling*, 2011 WL 4344165, at *2; *see Ladson v. Ulltra E. Parking Corp.*, 164 F.R.D. 376, 377 n. 2 (S.D.N.Y. 1996).

Here, despite the fact that personnel files are not *per se* shielded from discovery, Plaintiffs still have an affirmative burden pursuant to Rule 26(b)(1) to illustrate exactly why and how the personnel files sought are relevant, material and proportional to their claims. However, rather than establishing the relevance of the personnel files sought here, Plaintiff instead argues only that "defense witnesses and other workers are current and/or former employees of defendants, so defendants clearly have the witnesses' personnel files and could easily produce them." DE 56 at 2. However, this assertion does nothing to illustrate what relevance, if any, these files have in relation to Plaintiffs' claims. *See Sidari v. Orleans Cty.*, 174 F.R.D. 275, 289 (W.D.N.Y. 1996) (denying plaintiff's motion seeking personnel records where "plaintiff's motion papers fail to articulate a specific need for [the personnel] files."); *In re Del-Val Fin. Corp. Sec. Litig.*, 158 F.R.D. 275, 277 (S.D.N.Y. 1994) (denying request for personnel records where "plaintiffs have provided little reason to believe that these personnel records contain information relevant to their . . . claims."). Rather, Plaintiffs' statement appears to suggest that if a party is in possession of certain discoverable items, that fact alone is sufficient in all cases to warrant their production. However, such a conclusion is at odds with the discovery limits of Rule 26 which prescribes relevance and proportionality as the touchstones of discoverability in civil cases. *See* Rule 26(b)(1). In any event, the Court will not comb the record to assess what relevance, if any, these personnel files may have to the claims at issue since that would place the

Court in an inappropriate position of an advocate. Rather, such arguments are for counsel to make supported by relevant case law.

In light of the fact that Plaintiffs have failed to show, with specificity, how and why the personnel records sought are relevant to their claims, the Court will not order the mass production of these materials at this stage of the litigation. *See Sidari*, 174 F.R.D. at 289 (before ordering disclosure of personnel files, court required plaintiff to provide "a list of the individuals whose personnel files are requested and a detailed description of the individual's relationship to this case, if any. Plaintiff shall also set forth a particularized statement of the specific information sought from each individual's personnel file and why that information is relevant to plaintiff's claims in this action."). The Court will not provide plaintiff with a "second bite at the apple." However, in the interest of efficiency, the Court is directing Defendants' counsel to provide Plaintiff with a copy of any disciplinary record where a claim of discrimination was asserted against (1) the two individual Defendants and (2) any of the remaining six referenced witnesses who were a supervisor and administrator in the chain of command vis-à-vis the Plaintiff. The time frame for these records runs from three years preceding the date the Complaint was filed. The Court will not entertain further motion practice as to this issue.

**2. Documents Related to Defendants' Internal Investigation**

Plaintiff next seeks "documents related to Plaintiffs' complaints of unlawful discrimination, harassment and/or retaliation, including but not limited to, documents related to Defendants' purported investigation into Plaintiffs' complaints." DE 56 at 2. Specifically, Plaintiffs assert that although "defendants claim that they produced all the outstanding documents . . . Thomas Monaghan revealed on June 7, 2016 that defendants took notes in connection with their investigation that were not produced." *Id*. at 2-3. Further, Plaintiffs assert

8

that "[t]he investigation report also discusses suggested remedial measures, but defendants have not produced any information, whatsoever, related to those or any other conclusions discussed in their report." *Id*. at 3.

In response, Defendants state that they "have not only provided their final investigation report, but copies of all Affidavits prepared after interviews of Fire Sprinkler Associates' employees who provided any information on this matter were taken. The Defendants have repeatedly told both of Plaintiffs' attorneys . . . that they have no 'notes' and have provided all documents in their possession concerning the investigation." DE 58 at 2. In addition, Defendants maintain that "Plaintiffs are misstating the testimony of Mr. Monaghan" since he only "recalled there being open computers and/or laptops when he was interviewed and did not precisely recall if notebooks were present or whether handwritten notes were taken during same." *Id*.

"In a discrimination action where 'no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any [discriminatory] behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.'" *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 40 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (quoting *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439, 186 L. Ed. 2d 565 (2013)); *see Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 182 (2d Cir. 2012). This affirmative defense is commonly referred to as the *Faragher/ Ellerth* defense. "Whether an employer's response to an employee's allegation of [discrimination] is

reasonable must be assessed from the totality of the circumstances . . . ." *Brownell v. Roadway Package Sys., Inc.*, 185 F.R.D. 19, 25 (N.D.N.Y. 1999) (requiring defendant to produce statements collected as part of internal investigation, including a statement collected after plaintiff was fired).

Where a defendant asserts the *Faragher/ Ellerth* defense, it "puts the reasonableness of an internal investigation at issue." *Koumoulis*, 295 F.R.D. at 41; *McGrath v. Nassau Cty. Health Care Corp.*, 204 F.R.D. 240, 248 (E.D.N.Y. 2001) ("Where, as here, an employer defends itself by relying upon the reasonableness of its response to the victim's allegations, the adequacy of the employer's investigation becomes critical to the issue of liability."). As a result, the employer "waives any privilege that might otherwise apply to documents concerning that investigation." *Id*. Such a waiver extends "not only the [investigative] report itself, but [ ] all documents, witness interviews, notes and memoranda created as part of and in furtherance of the investigation." *Angelone v. Xerox Corp.*, No. 09 Civ. 6019, 2011 WL 4473534, at *2 (W.D.N.Y. Sept. 26, 2011), *reconsideration denied*, 2012 WL 537492 (W.D.N.Y. Feb. 17, 2012). Thus, "any document or communication considered, prepared, reviewed, or relied on by [the defendant] in creating or issuing the [investigatory report] must be disclosed to [the] plaintiff." *Id.* at *3. In addition, "the fact that the employer 'chose to enlist its attorney to act with dual purpose does not provide sufficient basis to overcome the unfairness of limiting the information it provides.'" *McGrath*, 204 F.R.D. at 248 (quoting *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1099 (D.N.J. 1996)).

In the instant case, Defendants appear to be asserting a *Faragher/ Ellerth* defense. *See* Defendants' Answer [DE 24] ¶¶ 326 ("The Complaint is barred, in whole or in part, because Defendants took reasonable care to prevent and correct promptly any alleged discriminatory

and/or retaliatory behavior."), 327 ("The Complaint is barred, in whole or in part, because Plaintiffs failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm."). By asserting this defense, Defendants have placed the reasonableness of their investigation directly in issue, *see Koumoulis*, 295 F.R.D. at 41, and are therefore obligated to turn over "any document or communication considered, prepared, reviewed, or relied on by [the defendant] in creating or issuing the [investigatory report]." *Angelone*, 2011 WL 4473534, at *3.

The Court initially points out that its analysis of this issue is hampered by the fact that Plaintiffs have not provided the transcript of Thomas Monaghan's June 7, 2016 deposition, during which time he allegedly referred to the existence of certain "notes" taken during Defendants' investigation which allegedly have not been produced. Indeed, Plaintiffs and Defendants take divergent positions concerning exactly what Mr. Monaghan testified to in this regard. As such, the Court declines to give weight to either party's account in the absence of the transcript.

However, even were the Court to have the benefit of the transcript, Defendants assert that they are not in possession of any "notes" and have otherwise "provided [to Plaintiffs' attorneys] all documents in their possession concerning the investigation. . . ." DE 58 at 2. To be sure, "defendants cannot be faulted for failing to produce records they do not have." *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 40 (S.D.N.Y. 2010), *opinion adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010); *see Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain."); *see also Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992) ("[A] party can be compelled to produce documents only if it has either possession of the

documents or 'control' of them, which is customarily interpreted as requiring that the party have 'the legal right to obtain the documents requested on demand.'") (internal citations omitted). Further, Defendants are not required to **create** documents responsive to Plaintiff's request. *See Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 01 CIV. 7677, 2002 WL 31309232, at *4 (S.D.N.Y. Oct. 15, 2002) ("It is well-established . . . that courts may not compel the creation of documents to comply with a discovery demand."); *In re Air Crash Near Clarence Ctr., N.Y.*, No. 09-CV-769S, 2013 WL 6073635, at *4 (W.D.N.Y. Nov. 18, 2013) ("Plaintiff is not required . . . to create an asset or valuation list, or any other documents, in response to [defendants' discovery] demand.").

In the instant case, counsel for the Defendants, an officer of the Court, has represented that no further documents responsive to this request are in the possession of her clients. *See* DE 458 at 2. Based on that representation, the Court will require the client (or a supervisory employee of the client with first-hand knowledge) to provide an affidavit attesting to that fact. The affidavit is to be filed with the Court within 14 days of the entry of this Order.

### 3. Documents Concerning Dates of Employment

Finally, Plaintiffs assert that because Defendants are claiming that they employed fewer than 15 individuals during the relevant time period, Plaintiffs are entitled to a complete list of all individuals who worked for Defendants along with applicable dates of employment. DE 56 at 3. According to Plaintiff, "production of the requested employment hire and separations of employment files are . . . important both to defend against any such claims that defendants intend to make in the future, and to show the veracity, or lack thereof, of the relevant defenses asserted both to the EEOC and to this Court." *Id*. Plaintiffs acknowledge that although "Defendants [ ] produced a list of employees whom defendants claimed worked for defendants during Plaintiffs'

12

employment . . . on June 7, 2016, deponent Thomas Monaghan disclosed additional employees during the relevant time period whom defendants did not include in their employee list." *Id*.

In response, Defendants state that "Plaintiffs have already been provided with payroll sheets showing the names of all employees working during the time of plaintiff's employment, as well as their employment tenure, with the document production they exchanged." DE 58 at 3.

Importantly, neither side has supplied the Court with relevant case law supporting its position regarding the requested information. In addition, similar to Plaintiffs' request for internal investigatory materials, to the extent Plaintiff relies on the deposition testimony of Thomas Monaghan to support its position, at this juncture, such reliance is misplaced.

Nevertheless, the Court finds that the issue of whether Defendants employed at least 15 individuals during the period of Plaintiff's employment is relevant since Defendant has interposed this as an affirmative defense, *see* Defendants' Answer ¶ 232. Significantly, in order for an employer to be covered by Title VII, it must employ at least 15 employees during any time period relevant to a particular action. *See O'Brien v. Wisniewski*, No. 3:10-CV-120, 2013 WL 1798793, at *1 (D. Conn. Apr. 29, 2013) ("It is well settled that an employer of less than fifteen employees is not covered by or subject to Title VII."); *see also Fitzgibbons v. Putnam Dental Assocs., P.C.*, 368 F. Supp. 2d 339, 344 (S.D.N.Y. 2005) ("The Supreme Court has instructed that, in determining whether an individual is an 'employee' for Title VII purposes, 'the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with fifteen or more individuals for each working day in twenty or more weeks during the year in question.'" (quoting *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 211–12, 117 S. Ct. 660, 136 L. Ed. 2d 644 (1997)). However, Defendants' have asserted that the requested information has been provided. DE 58 at 2-3. In light of this representation, coupled with Plaintiffs' implicit assertion

to the contrary, the Court directs that Plaintiffs' counsel provide, for *in camera* review, copies of Defendants' payroll tax documents submitted to the taxing authorities (or any other documents containing this information), for the period at issue here, which show the individual employee names and the taxes tendered for each of the taxing authorities. These materials are to be submitted to the Court within 14 days of entry of this Memorandum and Order

**IV.    CONCLUSION**

For the foregoing reasons Plaintiffs' motion to compel is GRANTED, in part, and DENIED, in part, in accordance with this Memorandum and Order.

**SO ORDERED.**

Dated: Central Islip, New York
       March 27, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge