**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JAMES WILLIAMS and GEORGE MENA,

                    Plaintiffs,

          -against-

FIRE SPRINKLER ASSOCIATES INC.,
MARK MAUSSER, and WILLIAM LOTTEN,

                   Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

CV 15-3147 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **PRELIMINARY STATEMENT**

Plaintiffs James Williams ("Williams") and George Mena ("Mena") (collectively, the "Plaintiffs") has brought the instant action against Fire Sprinkler Associates, Inc. ("Fire Sprinkler") Mark Mausser ("Mausser") and William Lotten ("Lotten") (collectively, the "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). In addition, Plaintiff George Mena brings additional claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) as well as Article 19 § 650 *et seq.* of the New York Labor Law ("NYLL"). *See generally* Complaint ("Compl.") [DE 1].

Presently before the Court is Plaintiffs' letter motion [DE 59] seeking: (1) to compel Defendant Mark Mausser to complete his deposition; and (2) a total of four additional hours per witness to depose Defendants Mausser, Lotten and non-party witness Thomas Monaghan.

*See* DE 59. Defendants oppose the motion. DE 61. For the reasons that follow, Plaintiffs' motion is DENIED.

## II.  DISCUSSION

### A. *Non-Compliance with Local Civil Rule 37.3*

As an initial matter, and similar to Plaintiffs' previously filed motion to compel [DE 56], the instant motion fails to include a certification, in compliance with Local Civil Rule 37.3, of the parties' attempts to meet and confer prior to filing the instant motion -- as counsel are required to do to fulfill their obligations. Counsel were specifically instructed at the Initial Conference that they were required to have a substantive **discussion** about any discovery disputes, not an exchange of hit-and-run emails which appear to be the sole form of communication used here. This directive was memorialized in the Court's Minute Order from the Initial Conference. *See* DE 25, ¶ 7. The failure to comply with Rule 37.3, is, therefore, sufficient in and of itself to reject the motion. Notwithstanding this deficiency, the Court in its discretion will nevertheless address the merits.

### B. *The Parties' Positions*

Plaintiff asserts that although Mausser appeared for his deposition, his "testimony lasted for [only] 6 hours and 49 minutes — including the approximately 1 hour spent reviewing several pages of exhibits and documents during his deposition." *See* DE 59 at 1. As such, Plaintiffs assert they did not obtain the benefit of the full seven hours afforded by the Federal Rules of Civil Procedure and thus seek an order "compel[ling] Defendant Mark Mausser to appear in-person to complete his deposition questioning." *Id*. In addition, Plaintiffs also request that they be granted "4 hours additional time per witness, as necessary, to depose Defendant Mausser, Defendant Lotten and key witness Thomas Monaghan, because their deposition testimony will

likely last longer than 7 hours." *Id*. at 2.  With respect to this latter request, Plaintiffs state that "on June 14th [Mausser] testified to being the Owner and President of Defendant Fire Sprinkler Associates since its inception in 1990" and therefore "Defendants' deposition necessarily included detailed questioning related to the Defendant Company itself." *Id*. at 3.  In addition, according to Plaintiffs, "[t]he depositions of Owner-Defendant Mausser, of Defendant William Lottten (Plaintiffs' former supervisor) and of witness Monaghan also need to include detailed questioning about policies, if any, regarding discrimination, harassment and/or retaliation in the workplace during and after Plaintiffs' employment; about policies, if any, regarding employee complaints of such unlawful conduct; and about Defendants' purported 'investigation' of Plaintiffs' legally protected complaints." *Id*.

In response, Defendants assert that to the extent Plaintiffs are seeking additional time to depose Lotten and Monaghan, these issues have been resolved since "Monaghan's deposition proceeded on June 20, 2016 in accordance with the Court's ruling"[1] and because "plaintiffs' counsel finished questioning Mr. Lotten in just under 7 hours and acknowledged same on the record at Mr. Lotten's deposition."  DE 61 at 1.  With respect to producing Mausser for additional testimony, Defendants assert that "Plaintiffs have had a full and complete deposition of Mausser in which Plaintiffs' counsel had ample opportunity to cover every pertinent subject matter with him as evidence[d] by the length of live testimony.  Mr. Mausser's deposition went from 11:05am to 7:00pm[.]" *Id*.  In addition, Defendants claim that "Plaintiffs' counsel offers no

---

[1] On June 21, 2016, counsel for both parties contacted the Court during non-party Thomas Monaghan's deposition.  The Court issued an Electronic Order which stated that "[t]he Court heard the application of Plaintiff's counsel and the response by Defendant's counsel and issued its rulings on the record.  Plaintiff's counsel is directed to send the portion of the transcript regarding the application and rulings to the Court once the transcript is prepared." June 21, 2016 Electronic Order.  Notwithstanding this directive, the Court has not received a copy of this portion of the transcript to date.

proof that Mausser actually spent nearly an hour reviewing documents and does not cite any legal authority to support her argument that time spent reviewing documents and exhibits should be subtracted from the total length of the deposition." *Id*. Further, "Plaintiffs' counsel never specifically indicated what further areas she needed to cover in a continued deposition" and in any event, it was "Plaintiffs' counsel own method and style of questioning that caused delays." *Id*.

### C. Applicable Law

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. Fed. R. Civ. P. 30(d)(1); *Chawla v. Metro. Oral Surgery Assocs., P.C.*, No. 11-CV-6248, 2014 WL 4678023, at *5 (E.D.N.Y. Sept. 19, 2014); *Arista Records LLC v. Lime Grp. LLC*, No. 06 CIV. 5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008). "'Only time spent actually taking the deposition, not breaks, counts toward the seven hours.'" *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06 CIV.6198 LAK JCF, 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004) (citing Fed. R.Civ. P. 30(d) advisory committee's note to 2000 Amendment)). The Rule's 7-hour time limit merely serves as a presumptive baseline since "Rule 26(b) authorizes a court to 'alter the limits in these rules . . . on the length of depositions under Rule 30." *Saeed v. Count of Nassau*, No. CV 09-3314, 2011 WL 6945755, at *1 (E.D.N.Y. May 23, 2011); *see Arista Records*, 2008 WL 1752254, at *1 (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2000)) ("A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case."). "'A party seeking a court order to

4

extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order.'" *Calderon v. Symeon*, No. 3:06 CV 1130, 2007 WL 735773, at *1 (D. Conn. Feb. 2, 2007) (quoting 7 James Wm. Moore, et al, *Moore's Federal Practice*, § 30.45 (3d. ed. 2006)); *see Saeed*, 2011 WL 6945755, at *1 ("[T]he party seeking to extend the time permitted under Rule 30 must provide good cause to justify an enlargement."); *Carmody v. Vill. of Rockville Ctr.*, No CV–05–4907, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) (same). Likewise, whether the requisite "good cause" exists requires a fact-specific inquiry. *Saeed*, 2011 WL 6945755, at *1; *Margel v. E. G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) (finding relevant to the inquiry of good cause is whether the witness needs to be examined concerning a large number of documents, "whether the time previously afforded for the deposition was used efficiently and whether there are additional relevant areas of inquiry").

### D. *Application to the Facts*

Initially, the Court points out that it will only address the issues Plaintiffs' have raised concerning Defendant Mausser's deposition since it appears that the issues concerning the depositions of Monaghan and Lotten have been resolved. *See* DE 61 at 1.

The Court turns first to the assertion that Plaintiffs did not receive the benefit of the full seven hours afforded by Rule 30(d)(1) since the questioning of Mausser "lasted for [only] 6 hours and 49 minutes — including the approximately 1 hour spent reviewing several pages of exhibits and documents during his deposition." *See* DE 59 at 1. In support of their position, Plaintiffs have attached emails from Daniel Luke, a representative from Veritext — the organization hired to transcribe Mausser's deposition. DE 59, Ex. A. These emails confirm that the deposition totaled 6 hours and 49 minutes exclusive of breaks but inclusive of document

5

review, to the extent such review may have taken place on the record. *Id*. However, Mr. Luke does not confirm whether the 6 hour and 49 minute time-frame was actually inclusive of the 1 hour Plaintiffs allege that Mausser reviewed documents. In response, Defendants have provided the Court with a separate email dated June 17, 2016 from Karin Genalo, who purpotedly served as the Court Reporter during Mausser's deposition. *See* DE 61-1. Ms. Genalo confirms that the deposition began at 11:05 a.m. and concluded at 7 p.m. — a total of 7 hours and 55 minutes without accounting for time taken for breaks. In addition, Ms. Genalo confirmed that this total time-frame was *exclusive* of any time taken by Mausser to review documents. Thus, the contention of counsel that she in effect forfeited an hour of examining time due to Mausser's review of documents is not supported since the purported one hour document review was not included in the overall 6 hours and 49 minutes of on-the-record testimony. As such, the Court finds that Plaintiffs lost a total of 11 minutes (7 hours minus 6 hours and 49 minutes = 11 minutes). Directing Mausser's deposition to be continued, based on this *de minimus* loss of time is not warranted and is not in accord Rule 26(b)(1)'s requirement that the Court balance relevance with proportionality. Plaintiffs' counsel controlled the structure of the deposition, including the number of documents placed before the witness as exhibits to be reviewed. In doing so, she assume the risk for time expended in reviewing these documents before the witness answered. Likewise, counsel was free to alter her questioning or move on if too much time was taken up in reading the exhibits. Given these circumstances, the burden of continuing the deposition for 11 minutes of time would outweigh the potential benefit to be be achieved.

The Court next addresses the question whether Plaintiffs have established "good cause" to warrant continuing Mausser's deposition for four additional hours. *See* DE 59 at 2. Plaintiffs base the request on their contention that (1) "Defendants impeded the deposition process with

6

perpetual improper speaking objections, coaching deposition witnesses, and the like;" and (2) further "detailed questioning" is required concerning company policies regarding discrimination and harassment, workplace complaints as well as the investigation taken concerning Plaintiffs' complaints." DE 59 at 3.

With respect to Plaintiffs' first argument for a four-hour extension of time, the Court has no basis to assess whether and to what extent Defendant Mausser or Defendants' counsel may have "impeded the deposition process" since Plaintiff did not even submit *Mausser's* deposition transcript for the Court to review. Moreover, Plaintiffs have submitted a portion of the transcript of *Monaghan's* deposition — that transcript is irrelevant to this inquiry which involves the alleged disruptions during *Mausser's* deposition. As stated above, whether the requisite "good cause" exists requires a fact-specific inquiry. *Saeed*, 2011 WL 6945755, at *1; *Margel*, 2008 WL 2224288, at *8. In short, the Court is unable to conduct such an inquiry where, as here, the specific transcript at issue has not been provided. *See, e.g.*, *Saeed*, 2011 WL 6945755, at *1 ("After thoroughly reviewing the deposition transcripts . . . the Court does not find any evidence of the deponent, or his counsel, impeding or delaying the examination.").

As to Plaintiffs' second argument, which centers upon the purported need to engage in further "detailed questioning" of Mausser on a variety of topical areas, it is unclear to the Court why Plaintiffs only first learned that Mausser was the owner and president of Fire Sprinkler Associates during his deposition. Plaintiffs state that Mausser's deposition "included detailed questioning related to the Defendant company itself, including, but not limited to, the companies' [*sic*] corporate structure, business addresses . . . the companies' [*sic*] net worth, formation, bylaws, articles of incorporation, and insurance coverage related to the instant lawsuit." DE 59 at 3. At first blush, the Court questions the broad scope of topics here given the specific claims

7

and defenses in this case. Why Plaintiffs did not get to the areas counsel describes (*e.g.*, "policies, if any, regarding discrimination, harassment and/or retaliation in the workplace during and after Plaintiffs' employment," among other areas) — topics critical to the claims and defenses here — begs the question as to what counsel was doing for the 6 hours and 49 minutes . . . an unanswerable question since the Court does not have the transcript.

Plaintiffs have not met their burden to establish that "good cause" exists here, especially due to the lack of explanation for their failure to more efficiently allocate their topical inquiries (*i.e.*, no sufficient explanation as to (1) why they only learned of Mausser's role as owner and president during his deposition and (2) why the bulk of their time was spent questioning Mausser on his role as president and owner as well as Fire Sprinkler's corporate structure to the exclusion of other relevant and essential areas noted above).

Similar to their failure to provide an adequate rationale to support "good cause," Plaintiffs offer no basis for their calculation of four additional hours of testimony. The Court therefore has not been provided with grounds to warrant additional testimony from Mark Mausser.

### E. The Court's Further Concern

The conduct exhibited by both counsel in this matter has been less than cooperative, as evidenced by (1) past Court conferences; (2) the tone of email correspondence exchanged between the parties; and (3) the colloquy between counsel demonstrated in the limited portions of Monaghan's deposition transcript which the Court has reviewed. Although counsel are bound by an ethical duty to zealously represent their clients, this duty is not without limits. The Court will not countenance further behavior by either side that needlessly protracts and/or impedes the balance of the discovery process. To that end, counsel shall take steps to ensure their compliance

with Local Civil Rule 26.4 (cooperation among counsel).  In addition, any subsequent motions which do not scrupulously comply with Local Civil Rule 37.3 will be summarily rejected and the Court will redress such non-compliance.  To that end, counsel shall engage in meaningful in-person or telephonic meet-and-confer sessions prior to filing any request for Court intervention.

The Court will issue a separate Order setting forth the balance of the discovery deadlines in this action.

## III.     CONCLUSION

For all of the foregoing reasons Plaintiffs' motion to compel is DENIED, in accordance with this Memorandum and Order.

**SO ORDERED.**

Dated: Central Islip, New York
March 27, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge